IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TALVIS DESHUN GOINES, #1346762,  §<br>PETITIONER, §<br>  §<br>v.  §<br>  §<br>DIRECTOR, TDCJ-CID,[1]  §<br>RESPONDENT. §  | CIVIL CASE NO. 3:21-CV-1088-K-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[2]

### I. BACKGROUND

In 2006, a jury convicted Petitioner Talvis Deshun Goines of aggravated assault and sentenced to 75 years' imprisonment. *State v. Goines*, No. F05–00764 (Crim. Dist. Ct. No. 6,

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of the petitioner. Because Petitioner Talvis Deshun Goines challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him. The TDCJ-CID Director is therefore substituted as respondent in this case. Petitioner may object to this substitution within 14 days after being served with a copy of this recommendation. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Dallas Cnty. Jan. 11, 2006).³  The Fifth District Court of Appeals affirmed his conviction on direct appeal.  *Goines v. State*, No. 05-06-00441-CR, 2006 WL 3411351, at *1 (Tex. App.—Dallas Nov. 28, 2006, no pet.).  On May 13, 2020, Goines unsuccessfully sought state habeas relief under Texas Code of Criminal Procedure Article 11.07.  *Ex parte Goines*, No. WR-92,010-01 (Tex. Crim. App. May 26, 2021) (denying state habeas relief).⁴

On May 13, 2021, Goines filed the federal habeas action challenging his conviction.  Doc. 3 at 1, 7.  He asserts a due process violation, prosecutorial misconduct, and fraud.  Doc. 3 at 6-7.  Also, he challenges the jury finding as non-final.  Doc. 3 at 7.

As his federal petition appeared untimely, the Court directed Goines to respond regarding the application of the one-year limitations period, which he has since done.  Doc. 10.  However in his response, Goines focuses on his substantive claims rather than the timeliness of his federal petition.  That notwithstanding, having now reviewed all applicable pleadings, the Court concludes that Goines' federal habeas petition was filed well after the expiration of the one-year limitations period.  And because no exception applies, it should be dismissed as time barred.

## II. ANALYSIS

### A. One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court

---

³ The state trial court's docket sheet is available by entering the case number (F0500764) at https://www.dallascounty.org/services/public-access.php (last accessed on Feb. 8, 2022).

⁴ The state habeas docket sheets are available on the Dallas County website by entering the case number (W0500764A) at https://www.dallascounty.org/services/public-access.php and on Texas Court of Criminal Appeals website at https://search.txcourts.gov/Case.aspx?cn=WR-92,010-01&coa=coscca (last accessed on Feb. 8, 2022).

may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Goines does not allege any facts that could trigger a starting date under § 2244(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A) ("The limitations period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]").

Because Goines did not file a petition for discretionary review (PDR), his conviction became final on December 28, 2006—30 days after the state court of appeals affirmed his judgment of conviction on November 28, 2006. *See* TEX. R. APP. PROC. 68.2(a) (PDR must be filed within 30 days of either the date on which the judgment is affirmed, or the last timely motion for rehearing is overruled by the court of appeals). The limitations period expired one year later on Friday, December 28, 2007. And because Goines did not file his state application until April 17, 2020, more than 12 years after the limitations period expired, he is not entitled to statutory tolling.[5] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, Goines' federal habeas petition, deemed filed on May 4, 2021, is clearly outside the one-year limitations period, absent equitable tolling.[6]

---

[5] The state application is deemed filed on April 17, 2020, the date on which Goines indicated it was signed and, therefore, likely it was also handed to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application). An electronic copy of the state application is available on the Dallas County website by entering the case number (W0500764A) and clicking on "Application" or "Clerk's Record – 11.07" at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on Feb. 8, 2022).

[6] The federal petition is deemed filed on May 4, 2021, the date Petitioner certifies placing it in the prison mail system. Doc. 3 at 10; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (the "mailbox rule" applies when inmates use the prison's internal mailing system).

B.  Equitable Tolling

Goines' filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is appropriate only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*  Notably, "the extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quotations and quoted case omitted).  Moreover, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).  It is well established that unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("Equity is not intended for those who sleep on their rights." (quotation and quoted case omitted)).

Furthermore, this is not a case in which Goines pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam).  As previously noted, he squandered the entire one-year period.  Goines waited over 13 years from the date his conviction became final to file his state habeas application.  And while he promptly placed his federal petition in the prison mailbox—before he even received the denial of his state habeas application—such diligence simply came too late.  Doc. 3 at 10.  Moreover, Goines' *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177

F.3d 390, 391-392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Consequently, Goines also has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on February 15, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).